**IN THE COURT OF APPEALS OF IOWA**

No. 15-0595
Filed June 10, 2015

**IN THE INTEREST OF F.M.,**
**Minor Child,**

**A.V., Mother,**
**Appellant,**

**B.M., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Webster County, Angela L. Doyle,

District Associate Judge.

A father and mother appeal the termination of their parental rights to their

child born in 2014. **AFFIRMED ON BOTH APPEALS.**

Christopher O'Brien, Fort Dodge, for appellant mother.

Douglas Cook, Jewell, for appellant father.

Thomas J. Miller, Attorney General, Janet Hoffman, Assistant Attorney

General, Jennifer Benson, County Attorney, and Jordan Brackey, Assistant

County Attorney, for appellee State.

Marcy Lundberg, Des Moines, attorney and guardian ad litem for minor

child.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

A father and mother appeal the termination of their parental rights to their child, born in 2014. The father contends the Department of Human Services did not make reasonable efforts to reunify him with his child. The mother argues termination was not in the child's best interests and the district court should have granted her additional time to work towards reunification. The parents' main complaint relates to their inability to work with the assigned social worker and their perception that there was nothing they could have done to appease her demands. Their claim would have more credence if they had taken steps to establish voluntarily they were drug free and had addressed their past domestic abuse issues.

### I. Father

The father has a long history of drug abuse and assaultive conduct. The district court terminated his parental rights to two older children. This court affirmed the decision after detailing his lack of progress with reunification services. *See In re C.M. and A.M.*, No. 14-1140, 2015 WL 408187, at *5 (Iowa Ct. App. Jan. 28, 2015).

The child in this proceeding was born shortly before the district court issued its termination order on the other two children. When this child was five weeks old, the department sought to have her removed based on the parents' "no[n] compliance with drug testing and the on-going concerns for domestic violence." The district court granted the request and the child was removed and placed in foster care with her older siblings.

The department offered the father a variety of reunification services. According to a department social worker, the father "stopped all contact" with the department "after the [prior] termination hearing." He followed through with only one of several required drug tests, refused to participate in domestic violence or anger management services, and failed to attend family team meetings. He only attended fifteen of 128 scheduled visits during a ten-month period.

The father conceded his nonparticipation. When asked whether he "maintained contact with" the department social worker assigned to the case or with service providers, he responded, "No."

Despite his acknowledged failure to cooperate with services, the father argues the department's reunification efforts were unreasonable because the department "was never going to offer a plan which could lead to reunification even if the parents did the boilerplate services." The department social worker addressed this contention at the termination hearing. She stated the department "continued to provide services throughout the life of this case, which demonstrates that we were continuing to work towards a goal, which was reunification." We concur in this assessment.

On our de novo review, we conclude the department satisfied its statutory mandate to make reasonable efforts towards reunification. *See* Iowa Code § 232.102(10) (2015); *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). We affirm the district court's termination of the father's parental rights to his child born in 2014.

## II. Mother

Like the father, the mother had a history of substance abuse. In addition, she experienced severe abuse at the hands of the child's father. Like the father, her parental rights to her older two children were terminated. *See C.M. and A.M.*, 2015 WL 408187, at *3-4. Unlike the father, the mother participated in certain reunification services, including supervised visits. However, she conceded she failed to address the department's twin concerns of substance and domestic abuse. Specifically, she failed to comply with drug-testing requirements and continued to live with the father. The department social worker stated termination was in the child's best interests because the mother would "not leave [the father]" and would "choose him over her own children."

We agree with this assessment. *See In re P.L.*, 778 N.W.2d 33, 37-39 (Iowa 2010). The mother refused to acknowledge the safety risk to her child from remaining in an abusive relationship. When asked if she would continue her relationship, she testified she would, particularly if her parental rights to this child were terminated, because "what's left besides [him]?"

We turn to the mother's request for additional time to reunify. *See* Iowa Code § 232.104(2)(b). We agree with the district court's assessment: "[T]he parents' past conduct demonstrates it is unlikely the grounds for removal will no longer exist in six months. . . . There is nothing indicating the parents could provide constant and reliable care for [the child] if granted additional time to work towards reunification."

We affirm the district court's termination of the mother's parental rights to her child born in 2014.

**AFFIRMED ON BOTH APPEALS.**